MARK B. FRESCHI, ESQ. (SB #114018)
111 No. Market St., Ste. 414
San Jose, CA 95113
Tel: (408) 275-9740
Fax: (408) 275-9742

Attorney for Plaintiffs
RUBEN GUTTIREZ and BEATRICE NASH,
CO-ADMINISTRATORS OF THE ESTATE
OF MILDRED DURAN LUNA

UNITED STATES BANKRUPTCY COURT

Northern District of California

| | |
|---|---|
| IN RE:<br>GEORGE LUNA<br>                Debtor.<br><br>RUBEN GUTTIREZ and BEATRICE NASH, CO-ADMINISTRATORS OF THE ESTATE OF MILDRED DURAN LUNA,<br>                Plaintiff,<br>    v.<br>GEORGE LUNA<br>               Defendant. | NO. 10-59732 SLJ 7<br>Chapter 7<br>Adv. Proc. No.<br>[Infrequent filer]<br><br>COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR |

Plaintiff, THE ESTATE OF MILDRED DURAN LUNA, through RUBEN GUTTIREZ and BEATRICE NASH, its co-administrators hereby objects to the discharge of GEORGE LUNA ("Debtor") and in support of its objection, respectfully represents as follows:

**THE PARTIES**

1. Debtor commenced this case by filing a voluntary petition under Chapter 7 of the Code on September 19, 2010.

2. RUBEN GUTTIREZ and BEATRICE NASH are the Co-Administrators of Plaintiff ESTATE OF MILDRED DURAN LUNA, (Superior Court of San Benito County, Case Number 7236). They and Defendant LUNA are siblings and children of the decedent. The decedent died on January 13, 2003 and at the time was nearly 82 years old.

**JURISDICTION**

3. This adversary proceeding is one arising in the Debtor's Case No. 10-59732 SLJ 7, under Chapter 7 of Title 11, now pending in this Court. The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. Section 1334, 11 U.S.C. 523 and 11 U.S.C. 727. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(j).

**PRELIMINARY ALLEGATIONS**

4. It is alleged that Debtor is not eligible for Chapter 7 discharge, due to his violation of Section 523(a)(4), in that he committed defalcation while acting in a fiduciary capacity, and/or larceny, as more fully alleged hereinafter.

5. It is further alleged that debtor should be barred from Chapter 7 relief as a result of his violation of Section 727(a)(5), as the Debtor has failed to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities.

6. On or about October 3, 2002, Defendant LUNA had his mother sign a Grant Deed which purported to transfer an interest to him, as tenants in common, in her home at 831 Enterprise Road,

Hollister, California. The transaction was without any consideration.

7. After the death of Mrs. Luna, plaintiff later discovered that Defendant LUNA had perpetrated this scheme. On January 12, 2006 a state court action was filed, (RUBEN GUTTIREZ and BEATRICE NASH, CO-ADMINISTRATORS OF THE ESTATE OF MILDRED DURAN v. GEORGE LUNA, San Benito County Superior Court Action No. CU-06-00007), and a Notice of Lis Pendens recorded. On February 7, 2006, Defendant LUNA was served with the Summons and Complaint at the Elmwood Correctional Detention Facility in Milpitas, California, where he was serving a jail sentence. (This action was set for trial on November 15, 2010, until stayed by debtor's filing of the present Chapter 7 action).

8. On February 8, 2006, Defendant LUNA caused to be recorded an Affidavit-Death of Joint Tenant, even though the October 3, 2002 Grant Deed did not create joint tenancy ownership. On February 8, 2006, Defendant LUNA attempted to transfer the Enterprise Road property to AIRA E. MONREAL by Grant Deed from GEORGE LUNA and MILDRED D. LUNA, as joint tenants, to Ms. MONREAL. This Grant Deed was false and invalid as it purported to convey a joint tenancy interests that never existed.

9. On February 8, 2006, Defendant GEORGE LUNA executed a second Grant Deed attempting to transfer the property to AIRA E. MONREAL. This second Grant Deed was a forgery, purporting to contain the signature of the decedent, MILDRED DURAN LUNA, and

furthermore was false and invalid in purporting to convey a joint tenancy interests that never existed. The second Grant Deed was recorded with the Office of the San Benito County Recorder, Instrument Number 2006-0002278.

10. Defendant LUNA's actions evidenced a plan to defraud the plaintiff.

11. A lender, NEW CENTURY MORTGAGE CORPORATION funded Defendant MONREAL's purchase of the property and recorded a First Deed of Trust against the property in the amount of $408,000.00 and a Second Deed of Trust in the amount of $102,000.00. The debtor absconded with these funds.

12. AIRA E. MONREAL and NEW CENTURY MORTGAGE CORPORATION claimed rights, title or interests adverse and superior to plaintiff's claim to the Enterprise Road property.

13. Plaintiffs are informed and believe that AIRA E. MONREAL was aware of the forgery and the false and invalid Grant Deeds and Affidavit when she executed the deeds of trust.

WHEREFORE, Plaintiff THE ESTATE OF MILDRED DURAN LUNA, by and through RUBEN GUTTIREZ and BEATRICE NASH, CO-ADMINISTRATORS hereby objects to the Chapter 7 discharge of the debtor, and seeks an order of this Court in this regard, as well as such other and further relief as this Court deems just and proper.

Dated: October 29, 2010

/

```
 1  /
 2  /
 3                                  _____
                                    MARK B. FRESCHI, ESQ.
 4                                  Attorney for Plaintiff, THE
                                    ESTATE OF MILDRED DURAN LUNA
 5                                  By and through RUBEN GUTTIREZ
                                    and BEATRICE NASH, CO-
 6                                  ADMINISTRATORS
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR    5